UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. DEMM,

                Plaintiff,

vs.                      Case No. 2:04-cv-499-FtM-33SPC

CHARLOTTE COUNTY JAIL, JOHN DAVENPORT, SHERIFF CAMERON, ANTHONY PENLAND, SGT. KERNS, OFFICER DEMARCUS, OFFICER MARTIN,

                Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon review of Plaintiff's Amended Complaint (Doc. #20) filed on April 4, 2005. Plaintiff first filed a civil rights complaint form pursuant to 42 U.S.C. §1983 ( hereinafter "original Complaint," Doc. #1) and sought to amend his complaint to add additional defendants (Doc. #12). The Court, after advising Plaintiff of the strictures of Local Rule 4.01(a), required Plaintiff to file a free-standing complaint and provided Plaintiff with a blank civil rights complaint form for that purpose (#18). Plaintiff filed his Amended Complaint but did not submit several pages from the civil rights complaint form. Noticeably, Plaintiff did not submit pages 2-5 of the civil rights complaint form that require Plaintiff to verify that he fully has availed himself of his institution's administrative grievance procedures prior to filing his Complaint. Nor does Plaintiff attach copies of any grievance forms to his Amended Complaint to

demonstrate that he has exhausted any administrative remedies with respect to his claim.

Consequently, the Court reviewed the Amended Complaint, as supplemented by the original Complaint (Doc. #1) and finds that it is due to be dismissed for the reasons set forth *infra*. The allegations in Plaintiff's Complaint concern prison conditions during August 12, 2005 through August 21, 2005 while Plaintiff was housed at Charlotte County Jail[1]. In his original Complaint, Plaintiff acknowledges that Charlotte County Jail has a grievance procedure available but admits that he did not file any grievances with respect to his claim. See Complaint, Section III, page 4 (Doc. #1).

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. **No action shall be brought** with respect to prison conditions under section 1983 of this title, or any other Federal law, **by a prisoner confined in any jail**, prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

42 U.S.C. § 1997e(a)(emphasis added).

---

[1] It appears that Plaintiff's claim concerns the conditions at the jail immediately preceding and following the hurricane that truck the region during this period.

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The Court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998). Moreover, in Porter v. Nussle, 534 U.S. 516 (2002), the Court made clear that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. See also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief offered through the administrative procedures is available). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

Thus, because exhaustion is a **pre-condition** to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to pursue the administrative grievance procedures available to him. Here, Plaintiff has failed to demonstrate that he availed himself

of the administrative grievance procedures available at the Charlotte County Jail.

Accordingly, it is now **ORDERED, ADJUDGED and DECREED**:

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court shall: (1) enter judgment dismissing this case without prejudice; (2) terminate any pending motions; and, (3) shall close this file.

**DONE AND ORDERED** in Chambers in Fort Myers, Florida, on this 5th day of May, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record